GENERAL COURT, (E. S.) APRIL TERM, 1799.

WROTH *vs.* JOHNSON.

APPEAL from Kent county court. It was an action on the case for a *wager* won on the election of a sheriff. The declaration states, "that whereas by the constitution and form of government of the state of Maryland, among other things is established, that sheriffs shall be elected

in each county, by ballot, every third year; that is to say, two persons for the office of sheriff for each county, the one of whom having the majority of votes, or if both have an equal number, either of them, at the discretion of the governor, to be commissioned by the governor for the said office. And whereas, agreeably to the said constitution, an election for sheriff was about to be held for Kent county on the first Monday in October 1788, and adjourned from day to day, if necessary, till finished, so that the whole election should be concluded in four days: And whereas a certain *Edward Worrell*, since deceased, was then a candidate for the office of sheriff for the county aforesaid, together with divers other persons: And whereas, before the time that the said election was to be made, to wit, on the 2d day of October 1788, at the county aforesaid, a certain communication was had and moved between the said *Johnson*, and the said *Wroth*, of and concerning the number of votes the said *Worrell* would get for the office of sheriff as aforesaid, at the election to be held as aforesaid, for Kent county aforesaid; and it was declared by the said *Wroth*, that the said *Worrell* would get 600 votes for sheriff of Kent county as aforesaid, at the election to be held as aforesaid, which was denied by the said *Johnson*, who declared that the said *Worrell* would not get 600 votes at the said election. Upon which communication it was then and there agreed by the said *Wroth*, at the special instance and request of the said *Johnson*, that if the said *Worrell* did not get 600 votes as sheriff for the county aforesaid, at the election to be held as aforesaid, that the said *Wroth* would, on demand, pay to the said *Johnson* the sum of 30*l.* current money; in consideration whereof the said *Johnson*, then and there undertook, and faithfully agreed with the said *Wroth*, to pay him the sum of 30*l.* current money, if the said *Worrell* did get 600 votes at the said election for sheriff as aforesaid, when thereto required. And the said *Wroth* in fact saith, that the said *Worrell* did get more than 600 votes as sheriff as aforesaid at the election aforesaid, held agreeably to the constitution aforesaid, to wit, at Kent county aforesaid, of which the said *Wroth* afterwards, to wit, on the 10th day of March 1791, at the county aforesaid, gave the said *Johnson* notice, and then and there requested the said *Johnson* to pay him the said *Wroth* the aforesaid sum of 30*l.* current money, according to the promise of him the said *Johnson* in form aforesaid made. Nevertheless the said *Johnson*, contriving and fraudulently intending the said *Wroth* in this behalf to deceive and defraud, the aforesaid sum of 30*l.* current money, or any part thereof, to the said *Wroth* to pay, hath refused and still doth refuse, to the damage of the said *Wroth* 60*l.* current money; and therefore he brings suit, and so forth."

APRIL 1799.

Wroth
vs.
Johnson.

The defendant pleaded *non cul.* and issue was joined. *Verdict* for the plaintiff, and damages assessed to 30l. current money. *Motion* in arrest of judgment, and reasons suggested—1st. Because the declaration is informal and insufficient; and 2dly. Because the case laid in the declaration is not sufficient in point of law to form an action upon.

The *County Court* arrested the judgment; and the plaintiff appealed to the general court.

*Wright*, for the appellant. By the declaration the plaintiff and defendant are not stated to be voters of Kent county. But after a verdict the court will admit any intendment to make a case good, and to defeat the cause nothing is to be presumed which does not appear on the face of the proceedings—1 *Vent.* 123. 3 *T. R.* 695.

At common law bets are recoverable. There must be some act of parliament prohibiting the bet to prevent the recovery of the money won. And if recoverable at common law, nothing but some act of assembly can prevent the recovery, except they be wagers against morality or sound policy.—3 *T. R.* 693, 704. 1 *Lev.* 33. *Salk.* 344. 5 *Burr.* 2802. *Cowp.* 37, 40. 2 *Burr.* 1082. *Cowp.* 729. Also the constitution of the state, sect. 54.

*Scott*, for the appellee. Wagers *contra bonos mores*, or principles of sound policy, are not to be supported, although not interdicted by act of parliament—*Cowper*, 37, 729. 3 *T. R*, 697, *Buller's* opinion against the judgment in 1 *Lev.* 33. Courts have a right to determine on principles of sound policy—*Doug.* 597. It is a fundamental principle that elections shall be free from pecuniary influence.

*Wright*, in reply, cited *Leach's Crown Cases*, 300.

CHASE, Ch. J. The court must decide this case upon the record as it stands, and can make no intendment to support the judgment below; "They cannot intend the "plaintiff and defendant were residents of Kent county, "and voters at the election." If such facts had been displayed on the record, the court would have had no hesitation in deciding the wager was against sound policy, and ought not to be sanctioned by a court of justice. It is a fundamental principle of our constitution that elections should be free; and the election of a sheriff is of great importance to the community, and ought to be free from corrupt and undue influence; and such wagers, if countenanced by the court, would certainly have a malignant and evil tendency by making the parties, their connexions and friends, partizans in the election, and

creating an interest and views incompatible with the general good and sound policy which is best promoted by selecting those men who are the most fit and best qualified for the office.

If the judgment below is reversed, the court above will give such judgment as the court below ought to have given—2 *Bac. Ab.* 230.

JUDGMENT of the county court *reversed*, and judgment by this court on the verdict, for 30*l.* current money damages, and costs.